E-FILED
Wednesday, 17 June, 2026  09:22:51 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| TRENT WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-2032 |
| | ) | |
| MACON COUNTY SHERIFF'S OFFICE, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently detained at Vermilion County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges members of the Macon County Sheriff's office violated the notice provision of the Illinois Sex Offender Registry Act and otherwise detained him on three separate occasions. Plaintiff alleges this violated his procedural due process rights under the Fourteenth Amendment and was negligent under state law.

The Constitution does not compel a state to follow its own laws, and Plaintiff does not state a federal claim based on his allegations that any defendant violated state law. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). Plaintiff would have received any process that was due via state court criminal proceedings. To the extent that Plaintiff alleges facts that, if true, would necessarily imply the invalidity of the reasons leading to his confinement, his claims have not yet accrued. *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 17th day of June, 2026.

*s/Sara Darrow*

SARA DARROW
UNITED STATES DISTRICT JUDGE
